UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:22-cv-04117-FLA (MAR)                                  Date:  June 28, 2022

Title:   *Jose Morales v. Robert Burton*

Present:  The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA BUSTOS | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE RE:  WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM**

### I.
### INTRODUCTION

On May 15, 2022, Petitioner Jose Morales ("Petitioner"), proceeding pro se, constructively filed[1] the instant Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' ("Board") June 17, 2020, decision that Petitioner was unsuitable for parole.  ECF Docket No. ("Dkt.") 1 at 7.

The Court has screened the Petition pursuant to Habeas Rule 4.  This preliminary review revealed defects in the Petition that warrant dismissal.  Accordingly, Petitioner is **ORDERED** to file a supplemental statement addressing these problems before the Court will require a response from Respondent.

### II.
### BACKGROUND

In 1982, Petitioner pled nolo contendere to one count of second-degree murder and was sentenced to an imprisonment term of fifteen (15) years to life.[2]  Dkt. 1 at 2; see also California Dep't of Corr. v. Morales, 514 U.S. 499, 502 (1995).

Since 1985, Petitioner has brought at least eighteen (18) unsuccessful collateral attacks on the judgment in California state court.  California Court of Appeal Case Number B308788, Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2333514&doc_no=B308788&request_token=NiIwLSEmPkw5WyBVSCItSEtJQFQ6USxXIyBeWzJRMCAgCg%3

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

[2] Petitioner contends that the sentencing judge did not specify "life," and only sentenced him to fifteen (15) years. Dkt. 1 at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-04117-FLA (MAR)                    Date:  June 28, 2022

Title:   *Jose Morales v. Robert Burton*

D%3D (last visited June 22, 2022).  Petitioner has also filed several federal habeas petitions challenging his 1982 conviction.  See Morales v. California, No. CV 21-1485-DSF (JEM), 2021 WL 2593644, at *1 (C.D. Cal. May 6, 2021), report and recommendation adopted sub nom., No. CV 21-1485-DSF (JEM), 2021 WL 2590161 (C.D. Cal. June 24, 2021) (detailing the procedural history of the case, including prior habeas petitions).

On June 17, 2020, the Board conducted Petitioner's ninth parole suitability hearing.  Dkt. 1 at 20, 34.  During this hearing, Petitioner testified, was represented by counsel, and received a detailed summary of the Board's decision to deny parole.  Id. at 20–22; Dkt. 1-1 at 49–55.  Petitioner testified that he was innocent of both of his prior murder convictions and claimed that there was no record of the fingerprint evidence used to convict him in 1982.  Dkt. 1 at 7–9, 39, 46.  During closing arguments, the district attorney suggested that Petitioner could be responsible for a total of four murders because Petitioner was a suspect for at least two other murders but was never charged. Id. at 17; Dkt. 1-1 at 36–37.  The Board concluded that Petitioner posed an unreasonable risk to public safety and was not suitable for parole.  Dkt 1-1 at 49.

On May 15, 2022, Petitioner constructively filed the instant Petition challenging the Board's decision to deny parole.  Dkt. 1 at 5–6, 10.  Petitioner claims that: (1) the Board's hearing violated his right to confrontation because he was not provided with "copies of the victim's certified and signed fingerprints" dated July 8, 1980; and (2) the Board's decision resulted in an excessive and improper sentence of life in violation of the Eighth Amendment.  See id. at 5, 8.  Petitioner states that he raised both claims in a habeas petition to the California Supreme Court but provided no citation or other record to support this assertion.  Id. at 5–6.

**III.**
**DISCUSSION**

**A.   COGNIZABLE FEDERAL CLAIM REQUIREMENT**

Petitioner appears to rely on California law to challenge his continued incarceration as being cruel and unusual.  Id. at 5.  However, the precise contours of his claim are difficult to discern.[3]  To the extent that Petitioner seeks to rely upon California law, he fails to present a cognizable claim.

Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution or laws or treaties of the United States.  See Swarthout v. Cooke, 562 U.S. 216, 219 (2011).  It is not available for errors in the interpretation or application of

---

[3] Petitioner also appears to argue that the district attorney failed to comply with California law governing the procedures for parole hearings.  See Dkt. 1 at 7 (citing Cal. Code Regs. tit. 15, § 2030).  Petitioner claims that the district attorney "failed to serve and confront [P]etitioner with evidence of other murders and fingerprint evidence" for Petitioner's 1982 conviction.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-04117-FLA (MAR)                    Date:  June 28, 2022

Title:   *Jose Morales v. Robert Burton*

state law.  Id.; Estelle v. McGuire, 502 U.S. 62, 67–68 (1991).  Therefore, Petitioner's claim fails to the extent that it relies on state law.[4]

## B.   FAILURE TO STATE A CLAIM
### 1.   Due process

Petitioner argues that the Board violated his due process rights because he was unable to contest the evidence against him.  See Dkt. 1 at 8.  However, because Petitioner received the "minimal" procedures required by due process, this claim fails.

The Due Process Clause of the Fourteenth Amendment protects individuals against deprivations of "life, liberty, or property."  U.S. Const. amend. XIV, § 1.  "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies."  Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted).  Due process analysis proceeds in two steps: first, we ask "whether there exists a liberty or property interest of which a person has been deprived[;]" if so, we then ask "whether the procedures followed by the State were constitutionally sufficient."  Cooke, 562 U.S. at 219.

The Ninth Circuit has held that "California's parole scheme gives rise to a cognizable liberty interest in release on parole."  McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002).  Parole applicants are afforded adequate process so long as they are "allowed an opportunity to be heard" and "provided a statement of reasons for a denial of parole."  Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 16 (1979); See also Cooke, 562 U.S. at 220 (due process is satisfied where parole applicants were allowed to speak at parole hearings and contest the evidence against them, had access to their records in advance, and were notified of the reasons for their parole denial).  "The Constitution does not require more." Greenholtz, 442 U.S. at 16.  Consequently, when a petitioner challenges their parole denial, the only cognizable federal question is whether they received the "minimal" procedures required by due process.  Cooke, 562 U.S. at 220.

Here, Petitioner alleges that he was denied the right to "confront and contest" the evidence against him.  Dkt. 1 at 5.  Petitioner claims that the district attorney did not provide copies of the fingerprint records from Petitioner's underlying 1982 conviction.  Dkt. 1 at 8.  Petitioner further claims that the district attorney provided no evidence of the uncharged murders mentioned during

---

[4] Moreover, to the extent that Petitioner alleges errors in the state postconviction review process, such errors are "not addressable through habeas corpus proceedings."  Hubbart v. Knapp, 379 F.3d 773, 779 (9th Cir. 2004); see also Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998) ("[T]his court has specifically stated that federal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-04117-FLA (MAR)                        Date:  June 28, 2022

Title:   _Jose Morales v. Robert Burton_

closing arguments.  Id. at 5.  However, it is unclear whether Petitioner seeks evidence of the two uncharged murders or merely evidence that he was a suspect.[5]

Nevertheless, Petitioner was given the opportunity to be heard and provided with the Board's reasons for denying parole.  See Dkt. 1-1 at 49–55.  These reasons included a finding that Petitioner would pose a risk to public safety if released, based on his two murder convictions of two different women under similar circumstances.  Id. at 50.  The Board also found that Petitioner had not sincerely examined "some of the more negative aspects of his life and how these experiences affected his development and . . . contribute[d] to . . . maladaptive personality traits and interpersonal deficits that may have played a role in his criminality."  Id. at 53.

Additionally, the Board's decision did not explicitly rely on the fingerprint evidence from Petitioner's 1982 conviction.[6]  See Dkt. 1-1 at 49–54.  Rather, the Board only briefly referenced fingerprint evidence from Petitioner's 1970 murder conviction.  See id. at 51.  Further, independent of the district attorney's statements, Petitioner's probation report showed that he was a suspect in two other murder investigations.  Id. at 18, 36–37, 49–54.  Even still, "[i]nmates are not entitled to be apprised of all the evidence relied upon by a parole board in rendering its decision."  Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir. 1991) (citation omitted).

Petitioner has a copy of the hearing transcript, which reflects that he was allowed to testify and contest the evidence, he was represented by counsel, and he was notified as to the reasons why the Board denied parole.  Dkts. 1 at 20–58; 1-1 at 1–55.  For these reasons, Petitioner's due process claim does not merit relief.[7]  See, e.g., Torricellas v. Garcia, No. CV 10-5717-RSWL (AJW), 2011 WL 1979398, at *1–2 (C.D. Cal. Mar.14, 2011) (rejecting, under Swarthout, claims that the Parole Board failed to consider petitioner's submissions and denied her the opportunity to explain false and unreliable evidence where record showed that she was represented by counsel and afforded an adequate opportunity to be heard).

**2.    Eighth Amendment**

Petitioner argues that his sentence of over forty (40) years for a second-degree murder conviction is excessive and in violation of the Eighth Amendment.  Dkt. 1 at 5.  In Greenholtz, the

---

[5] The district attorney stated that the probation report indicated that Petitioner was a suspect in two other murders.  Dkt. 1-1 at 36–37.

[6] In 1970, Petitioner was convicted of first-degree murder and served approximately ten (10) years in prison before being released on parole.  Dkt. 1 at 38–39, 50–51.  In 1980, a severed hand was found on the side of a freeway—fingerprint evidence identified this hand as belonging to Petitioner's wife and led to his 1982 conviction.  See id. at 42.

[7] Although Petitioner does not appear to challenge the sufficiency of the evidence to support the Board's decision, the Due Process Clause does not include a guarantee of evidentiary sufficiency with respect to parole.  Cooke, 562 U.S. at 220–22 (finding that it is irrelevant whether there was no evidence in the record supporting a parole denial unless there is a federal right at stake).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-04117-FLA (MAR)                          Date:  June 28, 2022

Title:  *Jose Morales v. Robert Burton*

Supreme Court held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz, 442 U.S. at 7. Although Petitioner cites to California authority, which provides that state prisoners can seek habeas relief on the ground that their sentences become "cruel or unusual" following a parole denial, this does not qualify as "clearly established federal law" for the purposes of federal review under AEDPA.  Dkt. 1 at 5 (citing In re Palmer, 10 Cal. 5th 959, 970 (2021)).  The Court is not aware of any clearly established federal law with a holding similar to that of In re Palmer.  See Navarro v. Gipson, No. EDCV 21-1529-SB (PLA), 2021 WL 4263171, at *2 (C.D. Cal. Sept. 20, 2021) (noting that no Supreme Court holding supports an Eighth Amendment challenge to continued incarceration following a parole denial on a valid indeterminate life sentence).  Accordingly, because Petitioner is serving an indeterminate life sentence and has no federal constitutional right to release before completion of that sentence, Petitioner's continued incarceration following his parole denial does not implicate the Eighth Amendment.

     **3.**     **Sixth Amendment**

     Petitioner argues that he was denied "the [c]onstitutional [r]ight to confront and contest numerous uncharged murder [allegations] prior to his 10-day Parole Hearing." Dkt. 1 at 5. However, unlike trial and sentencing proceedings, parole hearings are not part of a criminal prosecution. Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir. 1987) (citing Wolff v. McDonnell, 418 U.S. 539, 556 (1974)).  Therefore, the Constitution does not mandate "the full panoply of rights due a defendant" in parole proceedings, "even when a protected liberty interest exists." Id.; Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987) (same).  As explained above, Petitioner's minimal federal rights for his parole hearing only involved (1) the opportunity to be heard, and (2) a statement of the reasons why parole was denied.  See Cooke, 562 U.S. at 220.  Accordingly, Petitioner's Sixth Amendment claim must fail.

**C.**     **EXHAUSTION REQUIREMENT**

     To the extent that Petitioner's allegations do present cognizable federal claims, it is not evident that he has presented any such claims to the California Supreme Court. Here, Petitioner checked a box stating that he brought his claims to the California Supreme Court, but he did not provide a citation to the underlying denial. Dkt. 1 at 6–7. Although Petitioner has brought several habeas petitions in state court, it is unclear whether any of these prior petitions included his instant claims challenging the Board's 2020 parole denial.

     A petition that includes unexhausted claims is subject to dismissal.  See Rose v. Lundy, 455 U.S. 509, 522 (1982).  Consequently, it appears that Petitioner has failed to exhaust his state remedies and the instant Petition is subject to dismissal.  See 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see Davis v. Silva, 511 F.3d 1005, 1008–09 (9th Cir. 2008) (finding the exhaustion requirement is satisfied when the substance of a petitioner's federal claim has been fairly presented to the state's highest court).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-04117-FLA (MAR)                                Date:  June 28, 2022

Title:   *Jose Morales v. Robert Burton*

**D.     SECOND OR SUCCESSIVE PETITION**

Lastly, Petitioner appears to challenge the sufficiency of the evidence by arguing that the state used falsified fingerprint evidence to convict Petitioner in 1982. Dkt. 1 at 5, 8.  The court is without jurisdiction to consider any such claims because they are successive, and the Ninth Circuit has not authorized Petitioner to file a second or successive petition.  See Morales, 2021 WL 2593644, at *2 (dismissing Petitioner's claims challenging his 1982 conviction as being second or successive).

District courts do not have jurisdiction to consider a second or successive habeas corpus petition unless the petitioner first obtains permission from the circuit court of appeals to file one.  See Felker v. Turpin, 518 U.S. 651, 657 (1996) (§ 2244(b) creates a "gatekeeping" mechanism for "second or successive habeas application in the district court").  Any claim challenging the validity of Petitioner's 1982 conviction or sentence is second or successive and not properly before the Court.[8]

As a general rule, habeas petitioners may file only one habeas petition challenging their conviction or sentence.  See § 2244(b)(1).  Hence, if a prior petition raised a claim that was adjudicated on the merits, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive petition]."  § 2244(b)(3)(A); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).  Absent proper authorization from the court of appeals, district courts lack jurisdiction to consider second or successive petitions and must dismiss such petitions without prejudice to refiling if the petitioner obtains the necessary authorization.  Burton v. Stewart, 549 U.S. 147, 152–53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation omitted); § 2244(b)(2).

**IV.**
**ORDER**

Thus, the Court ORDERS Petitioner to respond **no later than July 25, 2022,** by electing one of the following options:

1.     File a supplemental statement addressing why the Petition should not be dismissed for the above-discussed reasons; or

2.     Voluntarily dismiss this action without prejudice.  Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil

---

[8] A search of the Court's PACER system reflects that the Ninth Circuit has not authorized Petitioner to file a second or successive petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-04117-FLA (MAR)                        Date:  June 28, 2022

Title:      *Jose Morales v. Robert Burton*

Procedure 41(a).  **The Clerk of Court has attached A Notice of Dismissal form.**  However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).

If Petitioner **fails to respond by July 25, 2022**, the Court will recommend that this action be **dismissed with prejudice** for his failure to comply with the Court's orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | eb |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Plaintiff(s),

v.

Defendant(s).

CASE NUMBER

### NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)

PLEASE TAKE NOTICE: (*Check one*)

☐   This action is dismissed by the Plaintiff(s) in its entirety.

☐   The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐   The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐   The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐   **ONLY** Defendant(s) _____

_____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____          _____
*Date*                                          *Signature of Attorney/Party*

*NOTE:  F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

*F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*